UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kenneth Edward Cooper, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADT Security Services ) <br> ) <br> Defendant. ) | Case Number: 1:15-cv-877 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, Kenneth Edward Cooper, (hereinafter "Plaintiff") brings this action against Defendant, ADT Security Services, (hereinafter "ADT") to enforce his rights under the Telephone Consumer Protection Act , 47 U.S.C. § 227 ("TCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper because the events complained of occurred in this District.

### PARTIES

4. Plaintiff is a natural person who resides in this district.

5. ADT is a business entity that was originally formed in Delaware and operates a nationwide security business.

### FACTUAL ALLEGATIONS

6. The allegations of paragraphs 1-5 are re-alleged here and incorporated by reference.

7. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Financial Services, Inc.*, 565 US ____, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

8. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

9. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original)

10. Plaintiff filed Chapter 7 Bankruptcy on November 14, 2014 in the U.S. Bankruptcy Court, Southern District of Indiana under Case No. 14-10409RLM-7.

11. ADT was made aware of Plaintiff's bankruptcy petition (hereinafter "Bankruptcy Petition"), as is noted in the Creditor Matrix of his filing. (Case No. 14-10409-RLM-7).

12. Schedule F of Plaintiff's Bankruptcy Petition specifically listed a debt owed to ADT.

13. On the day after the bankruptcy filing, on November 15, 2014, Plaintiff called ADT and personally informed a representative of ADT that he had filed bankruptcy and provided, among other items, his name, bankruptcy case number and date of filing. Plaintiff also requested that ADT cease and desist the pre-recorded calls from their automatic telephone dialing systems to his cell phone.

14. Following the call of November 15, 2014, Plaintiff personally notified a representative of ADT on at least two (2) separate occasions of his bankruptcy filing and requested that ADT cease and desist the pre-recorded messages from their automatic telephone dialing systems to his cell phone.

15. ADT intentionally harassed and abused Plaintiff on numerous occasions by calling his cell phone several times during one day, and on back to back days, with such frequency as would reasonably be expected to harass.

16. ADT attempted to collect a debt from Plaintiff by this harassing campaign of telephone calls.

17. Each telephone call ADT made to Plaintiff was made using an automatic telephone dialing system which has the capacity to store or produce telephone numbers to be called without human intervention, using a random or sequential number generator, and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

18. Each telephone call ADT made to Plaintiff was made using a prerecorded voice as specified by 47 U.S.C. §227(b)(1)(A).

19. Each telephone call ADT made to Plaintiff was done without the express permission of the Plaintiff.

20. None of the telephone calls made by ADT to Plaintiff were for emergency purposes as specified in 47 U.S.C. §227(b)(1)(A).

21. ADT regularly uses one or more "automatic telephone dialing systems".

22. ADT has called the Plaintiff on his cell phone well over 160 times since November 14, 2014 using one or more "automatic telephone dialing systems" in its attempt to collect the debt.

23. ADT did not have prior express consent to use TCPA regulated equipment to place cellular phone calls to the Plaintiff because Plaintiff did not provide his number and/or consent for such calls. Alternatively, any prior consent to place phone calls to Plaintiff's cellular phone was revoked: (1) after the filing of the bankruptcy, both by operation of law through the

automatic stay, and because the affirmative act of filing a bankruptcy constitutes sufficient notice that a consumer does not wish to be contacted directly by creditors, regarding alleged debts; and (2) after Plaintiff repeatedly made verbal requests to ADT to cease all phone calls.

24. Despite the unequivocal instructions not to call and the bankruptcy filing, ADT continues to call Plaintiff on his cellular telephone using TCPA-regulated dialing equipment.

25. Apparently, Plaintiff falls into a particular factual circumstance where ADT has decided that its automated collection calls were more important than Plaintiff's bankruptcy automatic stay, the bankruptcy discharge injunction, and Plaintiff's right to demand that automated calls to his cellular telephone cease.

26. Plaintiff believes that all of the calls made by ADT were autodialed because Plaintiff was always greeted by an automated voice when he answered the phone.

27. ADT's corporate policy and procedures are structured as to continue to call individuals such as the Plaintiff, despite the individuals having revoked any prior consent ADT may have had.

28. ADT's corporate policy and procedures provide no means for Plaintiff to have his cellular number removed from the call list.

29. ADT has a corporate policy of using automatic telephone dialing systems or prerecorded/artificial voice messages to collect debts from individuals like the Plaintiff for its financial benefit.

30. ADT has received similar complaints from consumers.

31. ADT violated the TCPA as to the Plaintiff.

32. ADT willfully or knowingly violated the TCPA as to the Plaintiff.

33. Plaintiff was substantially damaged by the violations herein. He was subjected to

illegal harassment when he was entitled to peace and his privacy was improperly invaded.

### *LEGAL ALLEGATIONS*

34. The allegations of paragraphs 1-33 are re-alleged here and incorporated by reference.

35. ADT called Plaintiff's cellular telephone using an automatic telephone dialing system,

36. ADT did not have prior express consent for such calls, or alternatively, such consent was revoked.

37. ADT violated the TCPA §227(b)(1)(A)(iii) by placing calls via an automated dialing system to Plaintiff's cellular phone device.

38. ADT's violations were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

39. ADT has repeatedly violated the bankruptcy discharge injunction found in 11 U.S.C. § 524.

WHEREFORE, Plaintiff requests that the Court enter judgment against ADT Security Services that provides the following relief:

    a. Statutory damages granted by the TCPA;

    b. An injunction prohibiting the Defendant from placing future calls to Plaintiff's cell phone using an automatic telephone dialing system and/or a prerecorded voice message without his prior express consent;

    c. Damages and Attorney Fees for repeatedly violating the bankruptcy discharge injunction found in 11 U.S.C. § 524; and

    d. Any other relief the Court finds just and proper.

                        Respectfully submitted,

                        /s/ Thomas G. Bradburn
                        Thomas G. Bradburn
                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request trial by jury.

                        Respectfully submitted,

                        /s/ Thomas G. Bradburn
                        Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
92 S. 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com